UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:07-cr-00091-ECR-PAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| KEVIN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

The Government's motion (#54) to vacate order (#51) appointing new counsel and setting new briefing schedule, filed November 2, 2011 is <u>DENIED</u>. C.J.A. attorney Leventhall will continue to represent Defendant in respect to his motion, and Defendant should not file any documents pro se in this case unless further instructed by the Court.

Our order (#51) was entered prior to the entry of the proposed General Order which will incorporate the Protocol for the retroactive crack cocaine Guidelines cases. As of this time, the General Order has still not been filed. Therefore, our order was not subject to the proposed Protocol. It set in motion a fully appropriate procedure for processing Defendant White's motion for a reduction in sentence. Further, as we understand it, the Protocol provides a procedure for processing matters relating to the retroactive guidelines for

1  individuals previously convicted of crack cocaine offenses.  The Protocol is not
2  of the nature of a local rule and the Court is not required to follow it.   This is
3  certainly the case if the state of the record indicates different procedures should
4  be applied.  This is not to say that the Court will not abide by the Protocol if the
5  record indicates it should be followed when the Protocol is adopted by General
6  Order. The Protocol provides a beneficial, meritorious, and money saving device
7  for dealing with a likely massive number of motions in like cases.
8       In respect to our first order, we conducted a very general screening of
9  Defendant White's motion and thought there was a possibility that the new crack
10 cocaine Guidelines might apply because although he was not sentenced in this
11 case because of a crack cocaine conviction, his sentence may have been based in
12 part on a prior crack cocaine conviction.  Therefore, we appointed the F.P.D. to
13 represent Defendant White, providing that the F.P.D. could decline appointment
14 if there was a conflict of interest and that within 21 days the F.P.D. could file a
15 supplement to Defendant's pro se motion or file a notice of an agreed resolution.
16 The order provided for response and reply in respect to any supplement filed by
17 the F.P.D.
18      The F.P.D. then filed a motion (#49) to withdraw as counsel for Defendant
19 on the basis that:
20     Counsel has attempted without success to reach White by phone...;
21     counsel has reviewed the file and requests that she be allowed to
22     withdraw from the case as she is ethically precluded from filing a
23     supplement to White's motion requesting relief.
24 (Motion #49 p. 2).
25      It did not appear to us that these were appropriate bases on their face for
26 withdrawal of counsel.  Certainly counsel should be able to reach Defendant by
27 phone in order to represent him.  We received a letter from Defendant (which has
28 been filed # 45) giving every indication he would like to be represented by

1   counsel.  The ethical preclusion from representing Defendant was difficult to
2   understand on its own.  One might imply this was due to some sort of conflict.  It
3   might be inferred from the request made in the withdrawal motion that Defendant
4   be allowed to proceed pro se could imply that the motion was without merit, but
5   that counsel did not want to prejudice his further pursuit of the motion by stating
6   that conclusion or why it was so.  However, these are only pure speculations
7   based on this record.  There was no way to determine that the F.P.D. had
8   concluded the Defendant's motion had no merit.
9         If the motion were without merit in the view of the F.P.D., we felt we were
10  entitled to be told that and why this was true.   Such an analysis, per Anders v.
11  State of California, 386 U.S. 738 (1967), could be filed under seal if necessary to
12  protect Defendant.  On the basis of the record we had, we could not tell if the
13  motion had merit or not.
14        In the meantime, two days later, the U.S. Attorney filed a response to the
15  pro se motion which indicated the motion was likely without merit.  The response
16  requested denial of Defendant's pro se motion.  In our subsequent order we
17  referred to the response as "premature" as certainly it was in light of the state of
18  the record of this case where representation of Defendant had not even been
19  resolved and no response called for unless a supplement to the pro se motion was
20  filed by the F.P.D.
21        There is a great deal at stake in a case like this, usually years of
22  imprisonment.  We felt Defendant was entitled to at least have an independent
23  counsel in his behalf review the record and provide an analysis as to whether he
24  had a case.   The motion to withdraw filed by the F.P.D. did not answer that
25  question.  Since the F.P.D. had not, on the basis of the record as we read it,
26  answered that question, the appointment of separate C.J.A. counsel was required.
27  We then entered our order allowing the F.P.D. to withdraw and appointing the
28  C.J.A. attorney as counsel for Defendant.  The new counsel was instructed by our

1  order to file an appropriate supplement to the motion, either supplementing the
2  pro se motion if it had merit, or if the C.J.A. counsel concluded that the motion
3  was without merit, to so state and explain why.  The Defendant should be
4  instructed that he may proceed pro se if appointed counsel determines that the
5  motion is without merit and seeks to withdraw as counsel on that basis.

6  We conclude that the foregoing procedures were proper under the
7  circumstances.  It also appears to the Court that following the procedures we
8  have ordered will accomplish the intent of the proposed Protocol.  In the future,
9  if the motion to withdraw filed in connection with the Protocol includes some
10  sort of <u>Anders</u>-type statement, then we will be placed on notice as to why the
11  F,P.D. is withdrawing.  If appropriate to protect the Defendant, such disclosure
12  may be made in a sealed explanation to the Court only.

13  A copy of this Order shall be provided by the Clerk of the Court to
14  Defendant at the following address:

>   Kevin White, #41397-OSO
>   Federal Correctional Complex Victorville
>   P.O. Box 5300
>   Min. #1/ BL 130
>   Adelanto, CA 92301

Dated this 10th day of November 2011.

*/s/ Edward C. Reed*
_____
EDWARD C. REED, JR.
United States District Judge