1
2
3
4                     **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
5
6
7
KEVIN WHITE,                    )        2:07-cr-00091-ECR-PAL
8                               )        2:11-cv-02123-ECR-PAL
        Petitioner,             )
9                               )
vs.                             )        **Order**
10                              )
UNITED STATES OF AMERICA,       )
11                              )
        Respondent.             )
12                              )
                                )
13  _____)

14       On September 30, 2011, Defendant filed a letter (##45, 64)
15  which the Court treated as a motion for discretionary relief
16  pursuant to 18 U.S.C. § 3582(c)(2) and as a petition brought under
17  28 U.S.C. § 2255.  The petition (##45, 64) was treated as seeking
18  relief in light of the changes in crack cocaine laws and guidelines.
19  The Court appointed (#51) attorney Todd Leventhal to represent
20  Defendant and to file a report with the Court indicating whether
21  Defendant was eligible for relief under the changed law and
22  guidelines.

23       On November 23, 2011, the Court relieved (#59) attorney
24  Leventhal of his appointment after receiving a report (#57) that
25  Defendant is not eligible for relief because his sentence was based
26  on the career offender Sentencing Guidelines rather than the crack
27  cocaine Sentencing Guidelines.  The Court also ordered that
28  Defendant may file any additional points and authorities pro se to

1  support his petition (##45, 64).  The government was granted twenty-
2  one (21) days within which to respond to any such points and
3  authorities.  No further briefing was allowed.

4      Following the entry of our Order (#59), Defendant has filed
5  four additional letters or replies (##60-63).  The government has
6  not filed any additional points and authorities.  However,
7  Defendant's filings do not set forth any basis upon which his
8  petition (##45, 64) may be granted. Defendant was sentenced as a
9  career offender under United States Sentencing Guidelines § 4B1.1.
10 On November 1, 2007, the U.S. Sentencing Commission promulgated
11 Amendment 706 to U.S. Sentencing Guidelines Manual § 2D1.1's crack
12 cocaine Sentencing Guidelines.  18 U.S.C. § 3582(c)(2) allows the
13 modification of a term of imprisonment if "(1) the sentence is
14 'based on a sentencing range that has subsequently been lowered by
15 the Sentencing Commission' and (2)'such a reduction is consistent
16 with applicable policy statements issued by the Sentencing
17 Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir.
18 2009).  The Ninth Circuit held that "a career offender sentenced
19 pursuant to § 4B1.1 is not eligible for a sentence reduction under
20 Amendment 706." Id. at 731.

21     **IT IS, THEREFORE, HEREBY ORDERED** that Defendant's petition
22 (##45, 64) is **DENIED**.

23     The Clerk shall enter judgment accordingly.

24

25 DATED: March 7, 2012.

26

27                                    UNITED STATES DISTRICT JUDGE

28                                    2